FILED

August 18, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:28 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **LARITA ADAMS,** | ) | **Docket No.: 2016-05-0334** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 82089-2015** |
| **VERIZON WIRELESS,** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned workers' compensation judge on August 16, 2016, on the Request for Expedited Hearing filed by the employee, Larita Adams, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Ms. Adams is entitled to medical treatment for her bilateral carpal tunnel syndrome (CTS). The central legal issue is whether Ms. Adams is likely to establish at a hearing on the merits that she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds Ms. Adams is not entitled to the requested medical treatment at this time.[1]

### History of Claim

The following facts were established at the Expedited Hearing. Ms. Adams began working as a customer service representative for Verizon Wireless in 2006. She had been a customer service supervisor for approximately four years. In August 2015, she developed pain in her hands. Because she suspected it was arthritis, she did not immediately report the problem to Verizon. After seeing her personal physician in October, she told Human Resources she had bilateral CTS.

In response to Ms. Adams' claim, Verizon requested an ergonomic study of her job. Richard Wyatt, PhD, of Aon Global Risk, performed this study on November 20,

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

2015. Dr. Wyatt concluded Ms. Adams' job did not expose her to risk factors – such as repetitive motion – for CTS. (Ex. 2.)

Verizon provided Ms. Adams a panel of physicians, from which she selected Dr. Douglas Weikert. Dr. Weikert first saw Ms. Adams on December 2, 2015, and noted her complaints of bilateral hand pain and numbness began in August. He found symptoms of peripheral nerve compression and ordered electrodiagnostic tests. After reviewing the test results, Dr. Weikert diagnosed carpal tunnel syndrome on January 6, 2016, and performed injections on each wrist. (Ex. 5 at 26-31.)

Ms. Adams asked Verizon if she could change to a doctor closer to her workplace, and Verizon eventually authorized treatment with Dr. Paul Abbey. Ms. Adams saw Dr. Abbey on February 23, 2016, and he reviewed her job description and her diagnostic test results. He diagnosed bilateral carpal tunnel syndrome and recommended release surgery. He also stated, "I support the contention by both Drs. Brown and Weikert that her ongoing condition is work related and has arisen primarily out of and in the course and scope of her employment." (Ex. 5 at 15; Ex. 6.) Ms. Adams continued to see Dr. Abbey, who noted on March 15, 2016, that her condition had worsened and reiterated his surgical recommendation. (Ex. 5 at 18-19.)

Dr. Abbey's April 5, 2016 Progress Note states, "based upon information provided to me by the ergonomists I have determined that her carpal tunnel syndrome is not work related." He recommended Ms. Adams consider getting the release surgery under her private insurance. He also noted, "I have described to the patient the predicament in which I was placed. It would be very difficult for me to counter argue their data." (Ex. 9.)

Verizon subsequently denied Ms. Adams' claim, and she filed a Petition for Benefit Determination. The parties did not resolve the disputed issues through mediation, so the Mediating Specialist filed a Dispute Certification Notice,[2] and Ms. Adams filed a Request for Expedited Hearing.

At the Expedited Hearing, Ms. Adams asserted she is entitled to medical treatment, including the carpal tunnel release recommended by Dr. Abbey. She relied on Dr. Abbey's original causation opinion, which was based on his review of her actual job description, in support of her contention that her work caused the CTS.[3]

Ms. Adams disputed Dr. Abbey's revised causation opinion, contending the Aon report upon which it was based was flawed. She testified that Dr. Wyatt did not really

---

[2] Although the DCN listed a number of disputed issues, Ms. Adams stipulated the only benefits she is seeking at this time is medical treatment.

[3] Ms. Adams also argued that Dr. Weikert felt her job caused her CTS, but she failed to present any admissible evidence in support of this contention.

observe her at work, but merely spent an hour discussing her job with her and evaluating her physical workspace. As a result, she claimed his report mischaracterizes her work duties, which actually include performing all the tasks completed by a customer service representative. She also noted her job duties have changed over time and argued that, because CTS is a gradual injury, more than just her current work activities should be considered in determining the cause of her condition.

Verizon countered that Ms. Adams is not entitled to any workers' compensation benefits. It argued the ergonomic report was accurate and identified none of Ms. Adams' required job duties as risk factors. Verizon also noted the authorized treating physician (ATP), Dr. Abbey, opined Ms. Adams' condition is not work-related. As she has not presented any medical testimony to the contrary, Verizon contended Ms. Adams cannot meet her burden of proving the injury arose primarily out of and in the course and scope of her employment.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Adams need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). In analyzing whether she has met his/her burden, the Court cannot remedially or liberally construe the law in her favor, but instead must construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Ms. Adams nor Verizon. *See* Tenn. Code Ann. § 50-6-116 (2015).

To prove a compensable injury, Ms. Adams must show that her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14) (2015). To do so, she must show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

Applying these principles to the facts of this case, the Court cannot find at this time that Ms. Adams appears likely to meet her burden of proving a compensable injury.

The parties submitted two medical causation opinions, both from Dr. Abbey.[4] While he initially indicated Ms. Adams' injury arose primarily out of her work, he later revised that opinion. The Court recognizes that Ms. Adams disputes the content and conclusions of the ergonomic report that caused Dr. Abbey to change his opinion. She may have valid concerns over the accuracy or applicability of the report that Dr. Abbey could address, but neither Ms. Adams nor the Court have the medical qualifications to revise his medical opinion for him. All the Court has before it is Dr. Abbey's current opinion that the CTS is not work-related. Absent a contrary medical opinion, Ms. Adams cannot establish causation.[5]

Therefore, as a matter of law, Ms. Adams has not come forward with sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits. Her request for medical treatment is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Adams claim against Verizon and its workers' compensation carrier for the requested medical benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on September 28, 2016, at 10:30 a.m..

**ENTERED this the 18th day of August, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without**

---

[4] The Court emphasizes that it has not afforded any weight to Dr. Wyatt's conclusions regarding causation, as he is not qualified to offer a medical opinion.

[5] Verizon contended Tennessee Code Annotated section 50-6-102(14)(E) (2015) establishes a rebuttable presumption of correctness for Dr. Abbey's causation opinion. It is unclear whether this is correct because, although Dr. Abbey was an authorized physician, the parties submitted no evidence establishing that Ms. Adams selected him from a panel of physicians or that a panel doctor referred her to Dr. Abbey. However, it is unnecessary to resolve this issue because Dr. Abbey's was the only causation opinion admitted into evidence.

**your further participation.  All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board.  To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.**  Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment.  Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service.  In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee.  The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter.  The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable.  **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal.  Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within

five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof.  A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement.   All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Larita Adams
2. Affidavit of Richard Wyatt
3. Wage Statement
4. First Report of Injury
5. Indexed medical records
6. Page four of Dr. Abbey's February 25, 2016 note
7. Causation questionnaire for Dr. Weikert (Id. only)
8. Verizon Job Description
9. Dr. Abbey's April 5, 2016 Progress Note
10. Middle Tennessee Emergency Physicians billing statement (Id. only)

Technical record:[6]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[6] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 18th day of August, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Larita Adams | | | | | x | Larita516@yahoo.com |
| Travis Ledgerwood | | | | | x | tledgerwood@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**